## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**VERNA FELTON**                                                                            **PLAINTIFF**

SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

**MAY 20 2014**

ARTHUR JOHNSTON
BY_____ DEPUTY

**VS.**                                                       **CIVIL ACTION NO.:** 3:14cv411 DPJ-FKB

**LEAKE COUNTY SCHOOL DISTRICT;**
**AND PATRICK POSEY, IN HIS OFFICIAL**
**CAPACITY AS SUPERINTENDENT**
**OF THE LEAKE COUNTY SCHOOL DISTRICT**                        **DEFENDANTS**


### JURY TRIAL REQUESTED


### COMPLAINT

      **COMES NOW** the Plaintiff, **VERNA FELTON**, (hereinafter "Plaintiff Felton" or "Plaintiff"), by and through counsel, and files this, her "Complaint," against the Defendants, **LEAKE COUNTY SCHOOL DISTRICT**, (hereinafter "Defendant LCSD" or "Defendant Leake County"); and **PATRICK POSEY** (hereinafter "Defendant Posey") individually and in his official capacity as Superintendent of the Leake County School District and would show unto the Court the following, to wit:

      1.     Plaintiff Felton charges that this is an action for declaratory relief and damages to redress deprivation of property interest by terminating her employment as Principal with the Defendant LCSD. Defendants terminated her employment in violation of Title VII of the Civil Rights Act of 1964, as amended; and in violation of the Civil Rights Act of 1991, as amended, 42 U.S.C. Section 1981, said violation being brought pursuant to 42 U.S.C. Section 1983; and the

actions of Defendant Posey have been under color of state law and Plaintiff Felton is seeking relief under 42 U.S.C. Section 1983.

2.      Plaintiff Felton further charges that the acts and conduct of Defendant LCSD constituted certain claims for which she was provided *"Notice"* pursuant to the provisions of *Section 11-46-11 of the Mississippi Code of 1972, Annotated.* That copies of the Notice of Claim of Plaintiff Felton is attached hereto marked *Exhibit "A"* and incorporated herein by reference.

3.      Plaintiff Felton charges that the claims set forth herein rise to the level of reckless disregard or willful and wanton conduct on the part of the Defendants LCSD and Posey. Plaintiff Felton further seeks the remedies available to her in equity at and law against Defendants LCSD and Posey and in particular for racial discrimination in violation of federal law and causing her to suffer emotional distress as a result of her suspension, termination and for the acts and conduct on the part of the Defendants LCSD and Posey.

4.      Plaintiff Felton brings claim against Defendant Posey as "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." (internal citation omitted)). *Nelson v. Univ. of Tex. at Dall., 535 F.3d 318, 321-22 (5th Cir. 2008).*

5.      Plaintiff Felton is seeking relief from Defendant Posey in his official capacity and she is seeking an injunction or other non-monetary relief including reinstatement. *Hatampa v. City of Biloxi, 2013 U.S. Dist. LEXIS 173372 (S.D. Miss. Dec. 11, 2013); and Nelson v. Univ. of Tex. at Dall., 535 F.3d 318, 321-22 (5th Cir. 2008).*

6.      Plaintiff further charges Defendants, LCSD and Posey with, *inter alia*, state law claims of intentional infliction of emotional distress, libel, slander, defamation of character,

tortious interference with contract, breach of the duty of good faith and fair dealing, negligent infliction of emotional distress, false light invasion of privacy, negligence and unlawful discharge.

7.      Plaintiff Felton filed her Charge of Discrimination on or about November 1, 2013, with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge No. 423-2014-00174 and that Plaintiff Felton was issued a Dismissal and Notice of Rights dated April 4, 2014. That a copy of the ***Notice of Right to Sue*** (with the Charge of Discrimination of Plaintiff Felton) is attached hereto marked ***Exhibit "B"*** and incorporated herein by reference.

## JURISDICTION

8.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2201 and 42 U.S.C. § § 1983 and 1988.   Plaintiff's claims for declaratory relief arise under 28 U.S.C. §§ 2201 and 2202.  Jurisdiction over the state law claims of Plaintiff Felton is a way of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## PARTIES

9.      Plaintiff Verna Felton is an African American female adult resident citizen of Attala County, Mississippi, residing at 13759 Attalla Road, Kosciusko, Mississippi 39090.

10.      Defendant Leake County School District ("LCSD"), at all relevant times herein mentioned, has continuously been and is now an employer in the City of Carthage, State of Mississippi and is engaged in the industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C., Section 2000e-(b), (g) and (h); and that Defendant LCSD, at all relevant times herein mentioned, has continuously been and is now an employer within the meaning of Title VII and may be served with process of this Court by delivering a copy

3

of this "Complaint" and "Summons" to Superintendent of the LCSD, Patrick Posey at the LCSD, Department of Education, Carthage, Mississippi 39051.

11.     Defendant Patrick Posey is an adult resident citizen of Leake County, Mississippi, is the Superintendent of the LCSD and may be served with process at his place of employment, LCSD, Department of Education, Carthage, Mississippi 39051.

12.     At all material times set forth herein, Defendant LCSD acted by and through its employees and agents, including but not limited to Defendant Posey, each of whom was acting within the purpose and scope of his or her agency or employment and whose acts and conduct, as alleged herein, were known to, authorized, and ratified by Defendant LCSD.

13.     At all material times set forth herein, Defendant Posey engaged in acts and conduct under color of law and that pursuant to *42 U.S.C. Section 1983*, Defendants subjected Plaintiff Felton to certain racially motivated and purposely discriminatory acts. Plaintiff Felton (1) was and is a member of a racial minority, (2) there was intent ***to discriminate*** on the basis of race by the defendants, and (3) that the discrimination concerned one or more activities enumerated in the statute such as the making and enforcing of contracts, and equal rights under the law. Plaintiff Felton would show that she is pursuing a *Section 1983* claim for persons acting under color of state law.

14.     Plaintiff Felton specifically makes reference to *42 U.S.C. Section 1983* "[R]equiring *Section 1981* claims to be pursued through *Section 1983* is not a mere pleading formality." *Felton v. Polles, 315 F.3d 470, 482 (5th Cir. 2002)*. "The express 'action at law' provided by *Section 1983* for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by *Section 1981* when the claim is pressed against a state actor." Id. at 481.

4

15.     Plaintiff Felton thus has invoked the remedy available to her for the alleged deprivation of her *Section 1981* rights by Defendants. Id. at 482; see also *Meyers v. La Porte Indep. Sch. Dist., 277 F. App'x 333, 335 (5th Cir. 2007)* (affirming summary judgment where the plaintiff brought her *Section 1981* claim independently of her Section 1983 action); *Oden v. Oktibbeha Cnty., Miss., 246 F.3d 458, 463-64 (5th Cir. 2001)*(plaintiff could not maintain an independent cause of action under *Section 1981*). *See also: Lofton v. City of W. Point, 2012 U.S. Dist. LEXIS 47537 (N.D. Miss. April 4, 2012)* (holding that *Section 1983* provided the exclusive remedy for discrimination by persons acting under color of state law).

16.     Plaintiff Felton further makes claim that Defendant Posey is liable individually for violations of 42 U.S.C. Section 1981; and that Defendant Posey was personally involved in intentional discrimination against Plaintiff Felton.  Defendant Posey participated in the discriminatory conduct from the arbitrary and capricious suspension of Plaintiff Felton in February 2013 to the arbitrary and capricious decision to terminate Plaintiff Felton in March 2013 as alleged herein.  Defendant Posey at all material times used his position and authority as Superintendent of the LCSD to intentionally cause harm, injury and loss to Plaintiff Felton and to ultimately convince the Defendant LCSD to uphold his decision to terminate the contract of employment of Plaintiff Felton in June 2013. *King v. Bd. of Trs. of State Insts. of Higher Learning, 2014 U.S. Dist. LEXIS 42398 (S.D. Miss. March 27, 2014)*.

17.     Plaintiff Felton further claims that he is filing suit against the individual defendants named herein in their ***official capacity*** and ***personal capacity*** seeking to impose personal liability upon the named individual defendants for their actions taken "***under color***" of state law.  Defendants' intent was to deprive Plaintiff Felton of equal protection, or equal

privileges and immunities, and there was invidiously discriminatory animus behind the actions of the Defendants LCSD and Posey.

18.     Plaintiff Felton would show that the acts and conduct of the Defendant Posey individually named herein were engaged in with the aim and intent at a deprivation of the equal enjoyment of rights secured by the law to all. *42 U.S.C Section 1983;* and see also: *Ellis v. Miss. Dep't of Health, 2008 U.S. Dist. LEXIS 37951 (N.D. Miss. May 8, 2008)*; and *Hafer v. Melo, 502 U.S. 21 (1991); and Griffin v. Breckenridge, 403 U.S. 88 (1971).*

19.     Plaintiff Felton also claims that actions have been taken against her by Defendant Posey named herein where engaged in with such ***deliberate indifference*** to his rights as an employee of the Defendant LCSD; and that she has been subjected to, *inter alia*, deprivation of her life, liberty and property for having pursued civil claims arising from her employment with the Defendant LCSD.

20.     Defendant Posey in suspending Plaintiff Felton did so in an arbitrary and capricious matter; and that as a result, Plaintiff Felton was deprived of substantive due process that requires public officials exercising their professional judgment to do so in a non-arbitrary and non-capricious manner. *Lewis v. Univ. of Tex. Med. Branch, 665 F.3d 625, 630-31 (5th Cir. 2011).*

## **INTRODUCTION**

21.     Plaintiff Felton was a Principal at Leake Central Junior High in the LCSD and she had been so employed with the LCSD since 2004 as a contract employee.  Plaintiff Felton as a contract employee had a vested property right in her employment with the LCSD.  Plaintiff Felton is African American female and she has an educator's license for the State of Mississippi;

6

and the educator's license of Plaintiff Felton is issued by the Mississippi Department of Education ("MDE").

22.    Plaintiff Felton is a long time educator in the State of Mississippi; and she was employed with the Defendant LCSD from 2004 to 2009 as a lead teacher; 2008-2011 as Assistant Principal, 2011-12 as Principal of Thomastown Elementary and 2012-2013 as Principal at Leake Central Junior High from 2012-2013.  Plaintiff Felton served under various superintendents in the LCSD.  Defendant Posey was elected and became superintendent of the LCSD in January 2012 and he was acting in that capacity at all material times alleged herein.   Defendant Posey from January 2012 to February 2013, and prior to the suspension of Plaintiff Felton on February 18, 2013, had not disciplined Plaintiff Felton for any reason.

23.    Plaintiff Felton had been recommended for renewal for the 2013-14 schools years by Defendant Posey and she had been approved for renewal by the School Board of the LCSD on or about February 7, 2014.   Plaintiff Felton's work performance had been exemplary and she performed her duties up to the expectations of management meriting her renewal for the upcoming school years, 2013-2014.

24.    Plaintiff Felton had faithfully served the LCSD as Principal and prior to February 2013 had *__never__* been accused or disciplined for bullying or engaging in any improper or unethical conduct such as intimidation of staff, being threatening to staff, harassing staff and/or creating a hostile work environment for staff or for violation of the Mississippi Educator Code of Ethics. Plaintiff Felton had never been suspended by the LCSD or accused of any of the above referenced conduct or violations during her employment with the LCSD prior to February 18, 2013, when she was arbitrarily and capriciously suspended by Defendant Posey.

## STATEMENT OF THE FACTS

25.     On February 13, 2013, Plaintiff Felton met with teacher, Jennifer Edwards ("Edwards"), a Caucasian female, in regard to her "absenteeism" and her "missing days" at work. Plaintiff Felton would show that this was the *first time* that she had a discussion with Edwards regarding her "absenteeism" or her "attitude" regarding missing days as a teacher at the Junior High.

26.     That on February 15, 2013, Edwards met with Defendant Posey and told him that she had been reprimanded by Plaintiff Felton in August 2012; and that and on February 12, 2013 Plaintiff Felton had delivered to her a letter of reprimand for "excessive absenteeism" at work. Edwards provided a memorandum prepared by her after the latest written reprimand.   Edwards was a young teacher with very little experience in the class room and she only complained after having been disciplined by Plaintiff Felton.   Edwards had not previously discussed any issues with Plaintiff Felton or filed a grievance regarding anything before meeting on February 15, 2013 with Defendant Posey.

27.     Defendant Posey, after the meeting with Edwards on February 15, 2013 never met or discussed the Edwards grievance with Plaintiff Felton. Edwards was the only teacher to complain about Plaintiff Felton.  Defendant Posey had not suspended any other principal in the LCSD for any reason prior to Plaintiff Felton.

28.     Plaintiff Felton would show that rather than handle this matter as a grievance as provided by policy, Defendant Posey did not discuss Edward's complaint with Plaintiff Felton. Defendant Posey chose to take the complaint of a teacher that was being addressed for her "absenteeism" and *arbitrarily and capriciously* suspended Plaintiff Felton as Principal at the Junior High.   Defendant Posey used his statutory authority as Superintendent to suspend

8

Plaintiff Felton and to isolate her from her job duties as Principal of the Junior High.  Defendant

Posey claimed that Plaintiff Felton <u>committed violations</u> of the Mississippi Educator Code of

Ethics ("MECE").  Plaintiff Felton had never been accused of violating the MECE ever in her

many years as an educator in Mississippi.

29.     Plaintiff Felton would show that on February 18, 2013, she was told by Defendant

Posey in a letter that she was being suspended by the LCSD as a result of "some serious formal

complaints" and that the allegations made against her were that she was guilty of bullying,

intimidation, threatening, harassing, and creating a hostile work environment in ***violation*** of the

Mississippi Educator Code of Ethics.  Plaintiff Felton was told by Defendant Posey to "get her

things" and to "leave campus" without discussing the matter "with anyone on her way out" of the

building or afterwards.  Plaintiff Felton did as she was told.

30.     Plaintiff Felton would show that Defendant Posey refused to discuss the nature or

the suspension letter with her on February 18, 2013 or at any date thereafter; and that Defendant

Posey told Plaintiff Felton to "just read the letter" without any more information that was the

basis of the suspension.  Defendant Posey accused Plaintiff Felton of engaging in conduct that

placed her in a "false light" and defamed her with allegations of bullying, intimidation,

threatening, harassing, and creating a hostile work environment.  Plaintiff Felton was shocked at

these allegations made by Defendant Posey that damaged her reputation and career as an educator

in the State of Mississippi.

31.     Plaintiff Felton would show that Defendant Posey ***never*** made inquiry of any of

the charges that resulted in the suspension of Plaintiff Felton; and Defendant Posey's adverse

action in suspending Plaintiff Felton was calculated, premeditated and intentional in violations of

the policies of the Defendant LCSD.   Plaintiff Felton has been accused of, *inter alia*, bullying

9

and other malicious allegations; and *arbitrarily* and *capriciously* sent home by Defendant Posey without notice and an opportunity to be heard on the allegations made against her that resulted in her removal as Principal of the Junior High.

32.     Plaintiff Felton would show that on or about February 18, 2013, Defendant Posey announced to the teachers and staff of the Junior High that Plaintiff Felton's Assistant Principal, a Caucasian female, Peggy Marble, was taking over as Principal to replace Plaintiff Felton at the Junior High.  Peggy Marble assumed the duties of Plaintiff Felton as Principal and she was later made Principal of Plaintiff Felton's school for the 2013-2014 school years by Defendants LCSD and Posey.

33.     Plaintiff Felton was suspended from *February 18, 2013* to *March 5, 2013* by the Defendants LCSD and Posey.  Plaintiff Felton was not alleged to have been insubordinate and she had never been disciplined by Defendant Posey.  Defendant Posey never discussed the reason for the suspension with Plaintiff Felton or her alleged violations of the MECE.  The "serious formal complaints" in the suspension letter of Defendant Posey were not discussed with Plaintiff Felton and she was told by Defendant Posey not to discuss the matter "until directed to do so by the Superintendent or Assistant Superintendent" of the LCSD.  No one ever directed Plaintiff Felton to discuss the matter of the subject investigation with them, including Defendant Posey.

34.     During that time period of suspension, Plaintiff Felton had her district email service disconnected by Defendants Posey and LCSD on February 21, 2013; and had her district telephone service disconnected by Defendants Posey and LCSD on February 26, 2013.  Plaintiff Felton would show that neither Defendant Posey nor anyone with the LCSD informed Plaintiff Felton of the disconnection of her telephone and email service with the LCSD or the reasons for such action.

35.    No one from the LCSD contacted Plaintiff Felton for **sixteen (16) days**; and no one provided her with a notice of hearing as to the good cause of Defendant Posey to suspend her; and by March 6, 2013, Plaintiff Felton had a reasonable belief that her employment had come to an end with the Defendant LCSD; and that her contract of employment had been terminated (and breached) by Defendants LCSD and Posey.   However, Plaintiff Felton wanted to return to work as Principal at her school.

36.    Plaintiff Felton would show that she had no communications from the Defendants LCSD, Defendant Posey or officials of the LCSD during that time period and she was not contacted for a statement or for her to response to **any of the allegations** against her for, *inter alia*, bullying and creating a hostile working environment.   At the time of the suspension, the source of any of the defamatory allegations, if by anyone, were not known to Plaintiff Felton.

37.    Plaintiff Felton would show that she believed the suspension was wrongful and unlawful by Defendant Posey.   That with no one communicating with her as to the status of any investigation or her suspension for now **sixteen (16) days**, informed Defendant Posey by a faxed letter of March 6, 2013 of her desire to return to work at her school and to perform her duties under her contract of employment.   Defendant Posey rejected this request to return to work by Plaintiff Felton on the same day as the request was made; and his response was "termination."

38.    On March 6, 2013, Plaintiff Felton's employment was terminated by the Defendants LCSD and Posey. Defendant Posey, along with a Deputy for the LCSD official, hand delivered to the home of Plaintiff Felton the termination letter.   Defendant Posey never did inform Plaintiff Felton of the details of the allegations that resulted in the adverse action and her removal letter as Principal on February 18, 2013.

39.     Plaintiff Felton would show that when Defendant Posey went to the home of Plaintiff Felton on March 6, 2013, he said nothing to her – but delivered the termination letter and he wanted her to sign for receipt.  Defendant Posey refused to allow Plaintiff Felton to review the letter or discuss the matter with him and this was done in the same manner as the suspension.  Defendant Posey told Plaintiff Felton, after he delivered the letter, for her not to show up on campus of the Junior High on March 7, 2013 or she would be removed by the authorities.

40.     Plaintiff Felton being aggrieved at her suspension and termination requested her statutory hearing before the LCSD.  Following her exercising of her statutory right to a hearing regarding the termination of her contract of employment, Defendant Posey threatened to revoke the educator's certificate of Plaintiff Felton.

41.     Plaintiff Felton would show that Defendant Posey requested that in the event that Plaintiff Felton was reinstated by the LCSD, that the LCSD <u>immediately vote</u> on the revocation of the educator's license of Plaintiff Felton, thus making her ineligible for employment ***in any school district*** including the LCSD.   These acts on the part of Defendant Posey were intentional and with the intent and purpose of terminating the employment of Plaintiff Felton with the LCSD and any other school district in the State of Mississippi.

42.     On or about June 20, 2013, The Board of Trustees of the Defendant, LCSD upheld the termination decision of Defendant Posey in a 3-2 vote. Three (3) members of the Defendant LCSD voted to uphold the termination and two (2) members voting against the recommendation of Defendant Posey. Plaintiff Felton's contract of employment with the LCSD was terminated along with her renewal for the 2013-14 school years as Principal at Leake County Junior High.

43.     Plaintiff Felton would show that the Board of Trustees of the Defendant LCSD *did not* vote on the recommendation of Defendant Posey to revoke the educator's license of Plaintiff Felton, thus making her ineligible for employment *in any school district* including the LCSD. To the knowledge and belief of Plaintiff Felton, no vote was ever taken by the LCSD to revoke her educator's license after the hearing of June 20, 2013 when her termination of employment was upheld by the Board of Trustees of the LCSD.

44.     After the upholding of the termination of Plaintiff Felton in June 2013, the Defendant LCSD approved the recommendation of Defendant Posey and Peggy Marble, the interim Principal, was hired as Principal to replace Plaintiff Felton for the 2013-2014 school years at the Junior High.

45.     Plaintiff Felton would show that in June 2013, Defendant Posey threatened to revoke her educator's certificate so that she would not be employable in any school district in Mississippi. Plaintiff Felton was in fear that as a result of the arbitrary and capricious conduct of Defendant Posey that she would never work again in the field of her specialty – education – in the State of Mississippi; and she still has that fear based upon the threats and "allegations" of Defendant Posey.

46.     On or about **November 1, 2013**, Plaintiff Felton filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging that she was subjected to discrimination on the basis of her race (and sex) in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff Felton was replaced by a Caucasian female as Principal at her school for the 2013-2014 school years. At the time of her termination, Plaintiff Felton was the only African American female Principal in the LCSD.

13

47.     That on or about February 17, 2014 and February 25, 2014, Plaintiff Felton

provided notice to the Defendants, LCSD and Posey of her claims pursuant to the provisions of

*Section 11-46-11 of the Mississippi Code of 1972, Annotated.* That Plaintiff Felton has complied

with the judicial prerequisites for the filing any such claims covered under *Section 11-46-11 of*

*the Mississippi Code of 1972, Annotated*; and that Plaintiff Felton is filing her state law claims

this action in the time and manner as required by law.

48.     Plaintiff Felton was issued her ***Notice of Suit Rights*** by the EEOC on **April 4,**

**2014** and she has complied with the judicial prerequisites for the filing of this action under Title

VII and that Plaintiff Felton is filing this action in the time and manner as required by law.

49.     Defendant LCSD discriminated against Plaintiff Felton on the basis of her race

and sex in violation of Title VII and Section 1981, in that she was subjected to, *inter alia*, racial

discrimination in the workplace.  As a result of said acts and conduct, Plaintiff is entitled to

recover actual and compensatory damages against Defendants as well as any and all other relief

available to her as provided under Title VII and Section 1981 (by and through 42 U.S.C. Section

1983) and including attorney fees, expert fees and all costs incurred by her in prosecuting her

claim for prohibited conduct under Title VII of the Civil Rights Act of 1964, as amended and 42

U.S.C. Section 1981, through the provisions of 42 U.S.C. Section 1983.

## COUNT I

50.     Plaintiff Felton re-alleges and hereby incorporates by reference and makes a part

hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact

contained in said paragraphs.

51.     Plaintiff Felton was discriminated on the basis of her sex and race in February,

March and June of 2013, when she was suspended, and later terminated by the Defendants,

LCSD and Posey in violation of Title VII and Section 1981. Plaintiff Felton was subjected to disparate treatment in being suspended without cause and later having her contract terminated based upon a "*witch hunt*" by Defendant Posey to justify his suspension in February 2013 of Plaintiff Felton. The actions of Defendants LCSD and Posey deprived Plaintiff Felton of the benefits of her contract of employment and caused her injury and harm.

52.     As a result of these wrongful acts Plaintiff Felton is entitled to recover actual and compensatory damages against the Defendant LCSD, et al as authorized by law.

## COUNT II

53.     Plaintiff Felton re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained in said paragraphs.

54.     During all material times alleged herein, *Defendant Posey* was Superintendent of the LCSD. As a result of Defendant Posey's acts and conduct, which were intentional and malicious, Plaintiff Felton was deprived of his life, liberty and property, including employment benefits causing Plaintiff to suffer injury, damage, and loss. Defendant Posey engaged in acts of invidiously discriminatory animus that resulted in damage and loss to Plaintiff Felton; and that and the actions of Defendant Posey were under color of law – and his known violations of the federally protected rights of Plaintiff Felton.

55.     Defendant Posey used his position as Superintendent of the LCSD to terminate the contract of Plaintiff Felton and he used the "threat of revoking of her educator's license" as leverage to force her to leave the employment of the LCSD after the suspension of February 18, 2013 and his "termination decision" of March 6, 2013. Plaintiff Felton was falsely accused of violating the MECE by Defendant Posey.

56.     Defendant Posey was as well irreversibly biased against Plaintiff Felton based upon his arbitrary and capricious suspension of Plaintiff Felton and making allegations that she engaged in bullying, intimidation, and other acts as set forth in his suspension letter of February 18, 2013.   No other principals in the LCSD were treated in this manner and Defendant Poesy was adamant of terminating Plaintiff Felton and having her educator's license revoked by the LCSD.

57.     Plaintiff Posey was singled out and her rights violated by her suspension, failure to properly investigate the allegations for the suspension and terminating her email and telephone service; and relying on the complaint of a disgruntled Caucasian teacher to suspend her without good cause.  Defendant Posey used the provisions of *Section 37-9-59 of the Mississippi Code of 1972, Annotated*, to suspend Plaintiff Felton as a licensed employee of the LCSD; and to ultimately terminate her employment with the LCSD.

58.     As a result of said acts and conduct, Plaintiff Felton is entitled to any and all relief available to her, including but not limited to actual, compensatory damages and punitive damages from Defendant Posey.

## COUNT III

59.     Plaintiff Felton re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained therein.

60.     Defendants LCSD and Posey had a duty to fully investigate the allegations made against Plaintiff Felton before ***suspending her*** on February 18, 2013.  That the actions claimed of Defendant Posey were done with the intent and purpose to ***inflict psychological injury*** by

16

altering the work environment in objectionable ways and for defaming the character of Plaintiff Felton. Defendant Posey's actions were reckless and with a gross disregard of the statutorily protected rights of Plaintiff Felton.

61. Plaintiff Felton would show that as a result of the acts and conduct alleged herein, that she has suffered injury, damage and loss. Defendant Posey made false allegations against Plaintiff Felton that constituted libel, slander and defamation of character of its employee; and such action merits an award of actual, compensatory and punitive damages.

62. As a result of the acts and conduct as alleged herein, Plaintiff Felton is entitled to recover actual, compensatory and punitive damages from the Defendant, Patrick Posey.

## COUNT IV

63. Plaintiff Felton re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

64. That as a result of the acts of the Defendants, as alleged herein, Plaintiff Felton has suffered from emotional distress, after her termination; that the emotional distress sustained by Plaintiff is beyond that which a reasonable person could be expected to endure in light of the circumstances surrounding the allegations made herein; and was intentional and beyond that of a normal employment dispute; and that as a result, Plaintiff Felton has suffered damages including, but not limited to the following:

    a.     past, present and future physical pain and suffering which is great and grievous and which will continue indefinitely into the future;

    b.     great emotional and mental suffering and anguish, both past and present, and which is expected to continue into the future indefinitely;

17

c.      medical bills, doctor bills, psychologist bills, prescription bills and other medical-related expenses which have been incurred;

d.      mental anguish, past, present and future;

e.      loss of enjoyment of life;

f.      total loss of self-confidence and self-esteem; and

g.      mental anguish to Plaintiff Felton and her family.

65.     As a result of the acts and conduct as alleged herein, Plaintiff Felton is entitled to recover actual and compensatory damages from the Defendants LCSD and Posey.

## COUNT V

66.     Plaintiff Felton hereby re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

67.     Plaintiff Felton would show that Defendants LCSD, et al engaged in certain conduct that evokes outrage or revulsion, done intentionally—or even unintentionally yet the results being reasonably foreseeable—that entitle Plaintiff Felton to damages for mental and emotional distress. *Jones v. Flucor Daniel Services, Inc, 959 So. 2d 1044 (Miss. 2007).*

68.     In the case, *sub judice*, the acts of the management of Defendants LCSD and Posey were with such lack of regard for the life and health of Plaintiff Felton; and as espoused in *Jones v. Fluor Daniel Services Corporation, supra.* Plaintiff Felton as a contract employee of Defendant LCSD was entitled to... "a greater degree of protection from insult and outrage by a supervisor with authority" over her (at the time of her suspension and ultimate termination) than if ***she was a stranger***. See also: *White v. Monsanto, 585 So. 2d 1205, 1210 (La. 1991).*

69.     As a result of the acts and conduct as alleged herein of intentionally inflicting

emotional distress, Plaintiff Felton is entitled to recover actual and compensatory damages from the Defendants LCSD and Posey.

**COUNT VI**

70.     Plaintiff Felton hereby re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

71.     Defendants LCSD and Posey had a duty not to make false and defamatory statements about Plaintiff Felton; not to make unprivileged publication of these false statements; that there was fault amounting to at least negligence by the Defendants LCSD and Posey; and that the false statements caused harm, injury and loss because of the publication. *Restatement (Second) of Torts Section 558; and see also: Robinson v. Shell Oil Co., 519 U.S. 337 (1997) regarding that negative references and retaliation under Title VII.*

72.     Defendants LCSD, et al continued to engage in the defamation of Plaintiff Felton before and after her termination in June 2013.  As a result of the publishing of the false information to third parties, that the Defendants have liability for the acts of slander, libel and defamation of character, entitling Plaintiff Felton to recover actual, and compensatory damages from the Defendants LCSD and Posey.

73.     Defendants LCSD, et al engaged in defamation and damage to the character of Plaintiff Felton by making false allegations as to the reasons for her suspension and termination; making false statements that Plaintiff was bullying and engaging in unethical conduct as set forth in the suspension letter of February 18, 2013; and that as a result thereof, she is entitled to recover actual, and compensatory damages from the Defendants LCSD and Posey.

**COUNT VII**

19

74.     Plaintiff Felton hereby re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

75.     Defendants have engaged in *false light* invasion of privacy by making false allegations that Plaintiff Felton engaged in ethical violations and that she was guilty of bullying and intimidation; and that the making of these allegations consist of the false light in which Plaintiff Felton was placed would be highly offensive to a reasonable person and that the Defendants, LCSD and Posey had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the *false light* in which Plaintiff Felton would be placed. *Johnson v. One Am. Prods., 2007 U.S. Dist. LEXIS 62029 (N.D. Miss. Oct. 2, 2007).*

76.     Defendants continued to engage in *false light* invasion of privacy after the termination of June 2013 by alleging, inter alia, that she violated the Code of Ethics; and that this unreasonable and highly objectionable publicity attributed to her characteristics, conduct that was false, and has been placed before the public in a false position; and that as a result of the publishing of the false information to third parties, Defendants have liability for the acts of *false light* invasion of privacy, entitling Plaintiff Felton to recover actual and compensatory damages from the Defendants LCSD and Posey.

## COUNT VIII

77.     Plaintiff Felton hereby re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

78.     Plaintiff Felton would show that the Defendants and in particular, Defendant Posey, engaged in certain conduct that evokes outrage or revulsion, done intentionally—or even

unintentionally yet the results being reasonably foreseeable—that entitle Plaintiff Felton to damages for mental and emotional distress. *Jones v. Flucor Daniel Services, Inc*, 959 So. 2d 1044 (Miss. 2007).

79.     In the case, *sub judice*, the acts of Defendant Posey and the Defendant LCSD were with such lack of regard for the life and health of Plaintiff; and as espoused in *Jones v. Fluor Daniel Services Corporation, supra*.  Defendant LCSD knew or should have known that Defendant Posey was making ***false statements*** about Plaintiff Felton thus causing her to suffer injury, damage and loss.

80.     As a result of the acts and conduct as alleged herein, Plaintiff Felton is entitled to recover actual and compensatory damages from the Defendant LCSD.

## COUNT IX

81.     Plaintiff Felton hereby re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

82.     The Defendants LCSD and Posey tortuously intentionally interfered Plaintiff Felton's contract of employment by suspending her on February 18, 2013 without cause; and without allowing her to respond to the allegations; failed to conduct an adequate investigation prior to suspending Plaintiff Felton on February 18, 2013 as Principal; and falsely alleged that she had violated the MECE.

83.     Plaintiff Felton would show that tortious **breach** of **contract** requires, in addition to the **breach**, some intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort. The facts in the case, *sub judice*, support such a claim. *Wilson v. Gen. Motors Accep. Corp,* 883 So. 2d 56 (**Miss**. 2004); *Robinson v. Southern Farm Bur. Cas. Co.,* 915 So.2d

516, 520 (**Miss**. Ct. App. 2005).

84.     As a result of the acts and conduct as alleged herein, Plaintiff Felton is entitled to recover actual and compensatory damages from the Defendant LCSD.

## COUNT X

85.     Plaintiff Felton hereby re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

86.     The Defendants LCSD and Posey had a duty to engage in good faith and fair dealing and not to engage in efforts to breach the contract of Plaintiff Felton with the LCSD; and that as a result of the acts and conduct described herein, Defendants engaged in bad faith conduct that caused Plaintiff Felton suffer injury, damage and loss for which she seeks recovery.

87.     All **contracts** contain an implied covenant of good faith and **fair dealing** in performance and enforcement. *Morris v. Macione,* 546 So.2d 969, 971 (**Miss**.1989);*UHS-Qualicare v. Gulf Coast Community Hospital,* 525 So.2d 746, 757 n. 8 (**Miss**.1987); *Blue Cross & Blue Shield of Mississippi, Inc. v. Maas,* 516 So.2d 495, 498 (**Miss**.1987); *Perry v. Sears, Roebuck & Co.,* 508 So.2d 1086, 1089 (**Miss**.1987); Restatement (Second) of **Contracts** § 205, 99 (1979).

88.     Plaintiff Felton would show that every contract such as in the case, *sub judice,* imposes an *__obligation of good faith__* in its performance or enforcement; and that Defendants LCSD and Posey violated or breached that duty and obligation of good faith as a result of the acts and conduct set forth herein.  Defendants unlawfully suspended Plaintiff Felton; defamed her and breached her contract of employment.

89.     Plaintiff Felton would show that the duty of good faith and fair dealing is based on fundamental notions of fairness, and its scope necessarily varies according to the nature of the agreement.  Defendants were under a duty to refrain from hindering or preventing the performance by Plaintiff Felton of her contract but also to take some affirmative steps to cooperate in achieving the goals of the agreement of the parties.  Defendants failed to do so. *Farnsworth, Contracts, § 7.17, 526-27 (1982); and Cenac v. Murry, 609 So. 2d 1257, 1272 (Miss. 1992).*

90.     Plaintiff Felton would show that good faith is the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party. The breach of good faith is bad faith characterized by some conduct which *violates standards of decency, fairness or reasonableness. Restatement (Second) of Contracts § 205, 100 (1979)*; and *Cenac v. Murry, 609 So. 2d 1257 (Miss. 1992).*

91.     As a result of the acts and conduct as alleged herein, Plaintiff Felton is entitled to recover actual and compensatory damages from the Defendant LCSD.

## COUNT XI

92.     Plaintiff Felton hereby re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of facts contained in said paragraphs.

93.     Defendant Posey in suspending Plaintiff Felton on February 18, 2013 did so in an arbitrary and capricious manner.  Defendant Posey had no grounds to suspend Plaintiff Felton and he did so based upon the will alone; falsely alleged that Plaintiff Felton had violated the MECE; and then ***threatened*** Plaintiff Felton with revocation of her educator's license in the event that she challenged his authority and termination of her contract of employment with the

LCSD.   Defendant Posey's actions were calculated and with the intent to cause harm to Plaintiff Felton and her educational career in the LCSD and within the State of Mississippi.

94.    Plaintiff Felton would show that the behavior of Defendant Posey violated the substantive due process rights of Plaintiff Felton and furthermore violated her right to equal protection.   Defendant Posey engaged in acts and conduct to deprive Plaintiff Felton of her equal protection and threatened her livelihood in the field of education as a result of his actions.

95.    Plaintiff Felton would show that the equal protection clause mandates similar treatment of persons in similar situations; and Defendant Posey actions violated the equal protection clause. *Arceneaux v. Treen, 671 F. 2d 128, 131 (5th Cir. 1982).*

96.    As a result of the acts and conduct as alleged herein, Plaintiff Felton is entitled to recover actual, compensatory and punitive damages from Defendant Posey.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** based on the foregoing allegations, Plaintiff Felton requests this Court to assume jurisdiction over this cause, and upon a hearing of the merits in this cause, grant the following relief:

a.    Order Defendants to reinstate Plaintiff Felton to her former position, free from all reprisals, with full back pay and benefits as a result of her unlawful termination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and pursuant to Section 1981 and Section 1983 as alleged herein;

b.    Award Plaintiff Felton a judgment against Defendants, LCSD and Patrick Posey, jointly and severally, in the amount of **$1,000,000.00** for her actual and compensatory damages to which she is entitled for injury, damage, and loss suffered as a result of Defendants' acts and conduct in violation of Title VII; 42 U.S.C. Section 1981 and 42 U.S.C. Section 1983;

c.      Award Plaintiff Felton a judgment against Defendants, LCSD and Patrick Posey, jointly and severally, in the amount of **$ 500,000.00** for her actual and compensatory damages to which she is entitled for injury, damage, and loss suffered as a result of Defendants' acts and conduct in regard to the state law claims;

d.      Award Plaintiff Felton a judgment against Defendant Patrick Posey in the amount of **$500,000.00** for punitive damages as a result of the intentional acts and conduct that violated the protected rights of Plaintiff Felton.

e.      Award Plaintiff Felton all costs and attorney's fees as provided by under 42 U.S.C. Section 1988 (a);

f.      Award Plaintiff Felton any and all expert fees as provided by under 42 U.S.C. Section 1988 (b);

g.      Order Defendant LCSD, its officers, agents, employees, successors, assigns, and all persons in active concert or participation with them, and the individual Defendant named herein, or his successor, from engaging in any acts to damage the reputation of Plaintiff Felton; and to prevent and preclude the Defendants from discriminating against employees on the basis of sex and race and in violation of Title VII and Section 1981; and pursuant to 42 U.S.C. Section 1983.

h.      Award Plaintiff Felton all such other and further relief as may be necessary and proper and to which she is otherwise entitled.

**RESPECTFULLY SUBMITTED**, this the 20th day of May, 2014.

**VERNA FELTON, PLAINTIFF**

/s/   **John M. Mooney, Jr.**

BY:    **JOHN M. MOONEY, JR.,**
       **HER ATTORNEY**

**JOHN M. MOONEY, JR.**
**LAW OFFICES OF JOHN M. MOONEY, JR., PLLC**
208 Waterford Square, Suite 100
Madison, Mississippi 39110
Telephone: (601) 981-9555
Facsimile:  (601) 981-7922
MBIN: 3431

**ATTORNEY FOR PLAINTIFF, VERNA FELTON**


### REQUEST FOR TRIAL BY JURY

**COMES NOW** the plaintiff, Verna Felton, by and through counsel, and respectfully

requests this Court to grant her a trial by a jury of her peers.

**RESPECTFULLY SUBMITTED**, this the 20th day of May, 2014.

/s/   **John M. Mooney Jr.**
**JOHN M. MOONEY, JR.**

*John Mooney*
*M.R.F*
*With Permission*

26