UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VERNA FELTON                                                                                           PLAINTIFF

V.                                                             CIVIL ACTION NO. 3:14CV411 DPJ-FKB

LEAKE COUNTY SCHOOL DISTRICT, ET AL.                                         DEFENDANTS

ORDER

This employment dispute is before the Court on Plaintiff Verna Felton's motion [43] to hold in abeyance her obligation to respond, and the Court's ruling on, Defendants' amended motion to dismiss, or in the alternative, for summary judgment. For the reasons that follow, Plaintiff's motion is denied.

I.     Background

Felton filed this suit asserting various claims stemming from the termination of her employment as principal of the Leake Central Junior High School. Her allegations include sex and race discrimination in violation of Title VII and § 1981, intentional infliction of emotional distress, libel, slander, defamation, tortious interference with contract, invasion of privacy, and unlawful discharge.

Shortly after Felton filed her Complaint, Defendants Leake County School District and Patrick Posey moved for partial dismissal, or alternatively for summary judgment. Defendants raised three primary points. First, they argued that Felton's claims—other than the Title VII claim—are barred by res judicata and/or collateral estoppel. Defs.' Mem. [6] at 6 (citing *Univ. of Tenn. v. Elliott*, 478 U.S. 796--99 (1986) (holding that "federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts"); *Miller*

*v. Pascagoula Mun. Separate Sch. Sys.*, 263 F.3d 162 (5th Cir. 2001) (unpublished table decision) (applying *Elliott* to school-board hearing)).  Second, Defendants contended that the individual-capacity claims against Defendant Patrick Posey must be dismissed because he is not a proper party.  *Id*. at 15 (citing *Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 464--65 (5th Cir. 2001) (reversing judgment in § 1981 termination case against public official in individual capacity)).  Finally, Defendants sought dismissal of Felton's punitive-damages claims as unavailable against a local governmental agency.  *Id*. at 15 (citing 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision).")).

Once briefing was complete, Felton filed a motion to amend her complaint.  The Court granted that request and then terminated Defendants' motion to dismiss, without prejudice, because it no longer addressed the operative complaint.  Order [32].  Once Felton filed her Amended Complaint, Defendants immediately renewed their motion, raising the same three substantive arguments.  *See generally* Defs.' Mem. [39].  This time, however, Plaintiff chose not to respond and instead filed her emergency motion to hold a ruling in abeyance.  She claims the amended motion to dismiss is redundant and premature.  Her request is not well-taken.

II.     Applicable Rules

As noted, Defendants filed their motion under Federal Rules of Civil Procedure 12(b)(6) and 56.  But the Court has a concern with Defendants' assertion that subject-matter jurisdiction is lacking.  *See* Defs.' Mem. [46] at 4 ("[T]his court does not have jurisdiction to hear any claims other than Felton's Title VII claim . . . . ").  Such a motion would seem to fall under Rule 12(b)(1), but neither party mentions it.

"Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). When a motion to dismiss for lack of subject-matter jurisdiction turns on fact questions, a plaintiff is generally entitled to discovery or an evidentiary hearing. *See Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981).

Again, neither party addressed Rule 12(b)(1). So, the Court would need additional briefing before deciding whether its subject-matter jurisdiction is at stake. And even assuming it is, Felton has not demonstrated at this point the existence of a relevant fact question for which discovery or an evidentiary hearing is necessary. Accordingly, the Court will focus on Rules 12(b)(6) and 56 at this juncture.

III.     Analysis

Felton first argues that the amended motion raises the same issues contained in the original motion to dismiss and is therefore redundant. But the Court never ruled on the merits of that first motion. Instead, the Court simply dismissed it as moot once Felton filed her Amended Complaint. And in doing so, the Court expressly stated that denial of Defendants' motion was "without prejudice to Defendants' right to refile a motion to dismiss addressing the Amended Complaint." Order [32].

Felton also insists that a ruling would be premature because the parties are still conducting discovery. In her opening memorandum seeking abeyance, Felton focused on Rule 12(b)(6), mistakenly stating that "Defendant MDPS has chosen not to move for summary

3

judgment . . . ." Pl.'s Mem. [44] at 5.  To the extent this is a Rule 12(b)(6) issue, Felton's prayer for more discovery is misplaced.  As the Fifth Circuit has noted, under the standards applicable to Rule 12(b)(6), discovery will not assist the plaintiff because "the court is directed to look solely at the allegations on the face of the pleadings." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009) (citing *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007)).  Here, Defendants' arguments appear to be legal—not factual—so if their motion is considered under Rule 12(b)(6), the Court would adjudicate it on the pleadings and without further discovery.

In her Reply, Felton revisits the Rule 12(b)(6)-type issues but then turns to Rule 56, explaining that Defendants moved for summary judgment on the question whether their conduct was "objectively reasonable in light of the circumstances . . . ." Pl.'s Reply [48] at 5.  Defendants' motion reveals no such argument.  Instead, as stated before, Defendants raise res judicata, lack of individual liability for Defendant Posey, and the bar against punitive damages found in § 1981a.  *See* Defs.' Mem. [39] at 6–15.

Though these appear to be legal arguments on which further discovery would shed no light, Rule 56(d) would provide a mechanism for seeking additional discovery if Felton could meet its requirements.[1]  Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

---

[1] The parties cited Rule 56(f) of the Federal Rules of Civil Procedure, but the substantive portions of that rule were moved to Rule 56(d) in 2010.

A party requesting Rule 56(d) relief "'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)) (other citations omitted). "Instead, the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *Raby*, 600 F.3d at 561) (other citations omitted).

Here, Felton did not include an affidavit or declaration explaining the basis of her request for additional discovery, and she never explains why she is unable to address Defendants' arguments without it. *Id*. To be plain, Defendants raised three arguments that appear to be questions of law. Felton has not shown otherwise or that factual development is necessary to answer them, and she further fails to comply with Rule 56(d)'s procedural requirements.

IV.   Conclusion

In conclusion, the Court finds that Felton's motion to hold the Court's ruling in abeyance [43] should be denied. Felton is directed to respond to Defendants' amended motion to dismiss [38] within fourteen (14) days of this Order. No extensions of this deadline will be granted absent extraordinary circumstances.

Felton is advised to specifically address Defendants' three primary substantive arguments discussed above along with the Rule 12(b)(1)-jurisdictional question raised by the Court.

Defendants shall reply within the time allowed under the local rule and shall likewise address the jurisdictional issue.

      **SO ORDERED AND ADJUDGED** this the 18th day of February, 2015.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE