IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**VERNA FELTON**                                                                                    **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO.:  3:14-CV-411-DPJ-FKB**

**LEAKE COUNTY SCHOOL DISTRICT;
AND PATRICK POSEY, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT
OF THE LEAKE COUNTY SCHOOL DISTRICT**                         **DEFENDANTS**

### MOTION IN LIMINE OF PLAINTIFF VERNA FELTON

**COMES NOW** the Plaintiff, **VERNA FELTON**, by and through counsel, and files this *Motion in Limine of Plaintiff Verna Felton* in the above-styled and numbered cause and moves *in limine* to exclude certain categories of evidence and/or comments of the Defendants, **LEAKE COUNTY SCHOOL DISTRICT, ET AL** and their counsel, during the trial of this case; and in support of the *Motion in Limine* would show unto the Court, the following, to-wit:

1.      In this case, Plaintiff Felton has asserted a number of claims stemming from her employment with the Defendant, Leake County School District ("Defendant LCSD").  Plaintiff Felton has also sued the individual defendant in this action, Patrick Posey ("Defendant Posey"). Defendant Posey was the Superintendent of Education for the Defendant LCSD during the employment of Plaintiff Felton.  Plaintiff Felton has made claim that Defendant Posey violated the constitutionally protected rights of Plaintiff Felton under "*color of law*" and that he was personally involved in the acts and conduct that form the genesis of her claims in this action.

2. Plaintiff Felton also contends that she was falsely accused of bullying and other conduct that has damaged her reputation especially in the field of education. Plaintiff Felton has also made various other state law claims against the Defendants LCSD arising from her employment relationship; and as the result of the personal involvement of Defendant Posey in regard to those state and federal claims.

3. Plaintiff Felton would show that "personal involvement" includes personal direction of, authorization of, or *participation* in discriminatory conduct." *Jackson v. Bayou Indus., Inc.*, No. 94-946, 1995 U.S. Dist. LEXIS 4128, 1995 WL 133332, at *2 (E.D. La. Mar. 27, 1995)* (citation omitted); *Wade v. Miss. Co-op. Extension Serv.*, 424 F. Supp. 1242, 1259 (N.D. Miss. 1976) (finding that essential elements of personal involvement and responsibility for actions complained of is necessary to subject defendants to individual liability). See also: *King v. Bd. of Trs. of State Inst. Of Higher Learning, 2014 U.S. Dist. LEXIS 42398 (N.D. Miss. 2014).*

4. Plaintiff Felton anticipates that Defendants LCSD, et al will attempt to offer certain arguments and evidence that are inadmissible under the Federal Rules of Evidence and/or that Defendants' counsel will make reference to irrelevant subjects before the jury.

5. Plaintiff Felton moves, *in limine*, before voir dire examination, opening statements and before the introduction of evidence, for an order *in limine* restricting all parties from making any mention, through interrogation, voir dire, opening statement, arguments or testimony, either directly or indirectly, any of the matters set forth below. In order to remove the likelihood of inadmissible or prejudicial evidence or statements in voir dire, opening statements, and testimony, the Court is requested to exclude these categories or evidence or comments in advance of trial.

**LEGAL STANDARD**

6. The standard to be applied by the Court in considering a motion *in limine* is that such a motion should be granted when the evidence in question will be inadmissible at trial under the rules of evidence and the mere offer, reference or statements during trial concerning the evidence will tend to prejudice the jury. *Dixon v. International Harvester Co., 754 F. 2d 573 (5th Cir. 1985).*

7. A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See *Luce v. United States, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)*. "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997).* A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).*

8. As espoused in *Otis v. Mosley, 2015 U.S. Dist. LEXIS 31221 (S.D. Miss. March 13, 2015)*, Motions *in limine* are made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds. *O'Rear v. Fruehauf Corp., 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted).*

9. Motions *in limine* should not be used "to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific

issues which are likely to arise at trial," but which are best addressed in the context of a *Motion in limine* due to the complex or potentially prejudicial nature of those issues. *Maggette v. BL Dev. Corp.*, Nos. 2:07-cv-181-M-A, 2:07-cv-182-M-A, 2011 U.S. Dist. LEXIS 58077, 2011 WL 2134578, *4 (N.D. Miss. May 27, 2011).

## MOTION IN LIMINE NO. 1

### THE DECISION OF THE CHANCERY COURT OF LEAKE COUNTY

10.     Plaintiff Felton anticipates that the Defendants LCSD, will attempt to present evidence of the dismissal of the termination decision of the Chancellor in the Chancery Court of Leake County, Mississippi.   The dismissal of the appeal by the Leake County Chancery Court was a result of the failure of Plaintiff Felton to post the required statutory supersedeas bond as required by *Education Employment Procedures Law of 2001 ("EEPL"), Section 37-9-101 of the Mississippi Code of 1972, Annotated, as amended and Section 37-9-113 of the Mississippi Code of 1972, Annotated, as amended.* See: **Exhibit "A"** – *Leake County Chancery Court* **Order of Dismissal** attached hereto and incorporated herein by reference.

11.     As espoused in *Lacour v. Claiborne County Sch. Dist.*, 119 So. 3d 1128 (Miss. Ct. App. 2013), the Mississippi Court of Appeals held that failure to satisfy the statutory bond requirements is jurisdictional, and a prerequisite for invoking the court's jurisdiction.  Failure to properly perfect the appeal barred the chancery court's jurisdiction. *See Cowart v. Simpson Cnty. Sch. Bd.*, 818 So. 2d 1176, 1181  (Miss. 2002); *Davis v. Biloxi Pub. Sch. Dist.*, 43 So. 3d 1135, 1137 (Miss. Ct. App. 2009).  See also: *See:  Miss. State Pers. Bd. v. Armstrong*, 454 So.2d 912, 914-15 (Miss. 1984), where the Mississippi Supreme Court held that "the required supersedeas

bond is jurisdictional, and the appeal is not perfected until the bond is approved….. .." *Smith, 797 So.2d at 962*.

12.     Accordingly, Defendants LCSD, et al should be precluded from offer any such evidence, directly or indirectly, as to the decision of the Chancellor to dismiss the appeal or that Plaintiff Felton appealed the termination decision by the School Board of the Defendant LCSD. The decision of the Chancellor would have no bearing on the Title VII claims of Plaintiff Felton as the Chancery Court never had jurisdiction over the termination appeal.  Any such statements would serve to confuse the jury; and would be the presentment of inadmissible evidence in this case; and would be prejudicial to the Plaintiff Felton at trial.

13.     The Supreme Court held in *Alexander v. Gardner-Denver Co., 415 U.S. 36, 48 (1974),* that the legislative history "manifests a congressional intent" to allow grievants the opportunity to pursue independently their rights under both Title VII and other applicable statutes. *478 U.S. at 796 n.5.*

14.     Moreover, the Supreme Court decision in *Chandler v. Roudebush, 425 U.S. 840 (1976)*, strongly supports Plaintiff Felton's contention that Congress intended one in her position to have a trial de novo on his Title VII claim.

15.     In *Chandler*, the Supreme Court held that a federal employee whose discrimination claim was rejected by her employing agency after an administrative hearing was entitled to a trial de novo in federal court on her Title VII claim. After reviewing in considerable detail the language of Title VII and the history of the 1972 amendments to the statute, the Supreme Court concluded:

> "The legislative history of the 1972 amendments reinforces the plain meaning of the statute and confirms that Congress intended to accord federal employees the same right to a trial de novo [following administrative proceedings] as is enjoyed by private-sector

5

employees and employees of state governments and political subdivisions under the amended Civil Rights Act of 1964." *Id., at 848.*

16. In *University of Tennessee v. Elliott, 478 U.S. 788 (1986),* the Supreme Court concluded that applying common law rules of preclusion to un-reviewed administrative determinations in a Title VII case "would be contrary to this Court's holding in *Chandler*" that federal employees with Title VII claims are entitled to *de novo* review of their claims in federal court. *478 U.S. at 796.*

17. Plaintiff Felton would show that "state administrative decisions do not have preclusive effect as to claims for which Congress provided a detailed administrative remedy, such as Title VII and ADEA claims." *Wright v. Custom Ecology, Inc., 2013 U.S. Dist. LEXIS 56433, 2013 WL 17033738, at \*5 (S.D. Miss. Apr. 19, 2013); Black v. W. Panola Sch. Dist., 461 F.3d 584, 588-89 (5th Cir. 2006); Evans v. Sharpley, 607 So. 2d 1210, 1213 (Miss. 1992).*

18. Furthermore, any potential probative value would be outweighed by the prejudicial effect. *Cf. Helfrich v. Lehigh Valley Hosp., No. Civ.A. 03-CV-05793, 2005 U.S. Dist. LEXIS 14792, 2005 WL 1715689, at \*20 (E.D.Pa. July 21, 2005).*

19. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## MOTION IN LIMINE NO. 2.

## FINANCIAL RELATED MATTERS AS TO THE PARTIES

20. Defendants should be ordered and directed by this Court not to mention any applicable insurance coverage that may satisfy, either in whole or in part, any judgment rendered in this action.

21.     Any reference to the fact that any recovery made by Plaintiff Felton may or may not be subject to federal income tax or any other form of taxation.

22.     Any reference to the fact that any actual and/or compensatory damages awarded in this lawsuit to Plaintiff Felton will cause an increase by operation of law or will effect in any way the business operations of Defendant, Leake County School District.

23.     Any reference to the time or circumstances upon which Plaintiff Felton employed an attorney or any matters regarding the financial arrangements between attorney and client in regard to the payment for any legal fees and/or expenses incurred in this litigation; or that the jury should consider attorney's fees as part of the damages of Plaintiff Felton; or that the jury should be made aware of the source of any funds of Plaintiff Felton used for the payment of attorney's fees and/or expenses in regard to her claims before this Court.

24.     Any reference to the effect or results of a claim, suit, or judgment upon the insurance rates, premiums, charges, or taxes either generally or as particularly applied to the party or employer in question, as a result of this litigation.

25.     Any reference to or indication of any kind that Defendants will have to pay any judgment entered in this case or that any of the claims of the Plaintiff against Defendants or that any such claim may or may not be covered by insurance; or that school related taxes will be raised in the event of a substantial verdict is rendered for the Plaintiff Felton in this action.

26.     Whether the Plaintiff as a prevailing party is entitled to an award of attorney's fees or expenses following the jury's verdict in this action.  Title VII provides, in pertinent part, that "the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee … as part of the costs". *42 U.S.C. § 2000e-5(k) (emphasis added). See also:  Migis v. Pearle Vison, 135 F. 3d 1041* (5th Cir. 1998).

## MOTION IN LIMINE NO. 3.

## THE EEOC AND EEOC DETERMINATION

27. In this Motion, Plaintiff seeks to exclude from trial evidence of the Equal Employment Opportunity Commission's (EEOC) determination of her claims. Plaintiff filed a charge of discrimination with the EEOC, complaining of acts of discrimination by Defendants.

28. The EEOC issued a Dismissal and Notice of Rights ("EEOC Determination") to Plaintiff Felton in regard to the Charge. The EEOC Determination in regard to the Charge provides, in relevant part, as follows:

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON**:

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

29. Plaintiff Felton contends that the EEOC determination is not relevant to her claims under Rule 401 of the Federal Rules of Evidence. The language in the "Right to Sue" is no more than a "no finding" and is a ***stock provision*** used all the time by the EEOC. Plaintiff also argues that even if the EEOC Determination has some relevance, it is unfairly prejudicial, would confuse the jury, and therefore should be excluded under Rule 403 of the Federal Rules of Evidence.

30. Relevant evidence is anything having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. For purposes of this *in limine* Motion, Plaintiff contends that the EEOC Determination is relevant. *See El v. SEPTA*, 479 F.3d 232, 248 n.19 (3d Cir. 2007) ("EEOC determinations are relevant substantive evidence in Title VII

8

cases."). However, "[l]ike all relevant evidence, [it is] excludable under Federal Rule of Evidence 403 if substantially more prejudicial than probative." *Id.* (citing Coleman v. Home Depot, Inc., 306 F.3d 1333, 1344-45 (3d Cir. 2002)).

31. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

32. The Third Circuit has stated that "[t]he weight of the case law holds that Rule 403 may operate on an EEOC report, and that the decision of whether or not an EEOC Letter of Determination is more probative than prejudicial is within the discretion of the trial court, and to be determined on a case-by-case basis." *Coleman*, 306 F.3d at 1345. The assessment of probative value versus prejudicial effect under Rule 403"should take into consideration the proof value of the particular report as and when offered at trial." *Id.*

33. There is very little probative value in the EEOC determination. It represents mere ***conclusory statements***, such as "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes."  See: ***Exhibit "B"*** – *Dismissal and Notice of Rights* attached hereto and incorporated herein by reference.

34. Plaintiff Felton would show that the EEOC Determination contains no factual basis for arriving at this conclusion, and appears to be nothing more than an EEOC form with boilerplate language. *See: Coleman*, 306 F.3d at 1345 (observing the low proof value of an EEOC determination where it "was more conclusory than factual in nature"); *Haas v. Wild Acres Lakes Prop. & Homeowners Ass'n*, No. 13-898, 2014 U.S. Dist. LEXIS 32690, at *13-14 (M.D. Pa. Mar. 13, 2014) (excluding EEOC determination where the nature of the determination was

conclusory). *Cf. Hodge v. Superior Court of the V.I.*, No. 07-87, 2009 U.S. Dist. LEXIS 95853, at *7 (D.V.I. Oct. 14, 2009) (Sanchez, J.) (observing that the EEOC Determination "is no evidence at all," where it does not detail factual findings, and only contains conclusory statements purport to be a determination of the merits without any reference to specific evidence).

35.     Moreover, the EEOC Determination appears to be nothing more than a non-decision. It simply advises that it is "unable to conclude" whether a violation occurred and "does not certify that the respondent is in compliance."  This indecisive language has no probative value. *See Berry v. Georgetown Inn, Ltd.*, No. 08-205, 2010 U.S. Dist. LEXIS 14392, at *3-4 (W.D. Pa. Feb. 18, 2010) (excluding EEOC determination and noting that it represents a "non-decision" and is irrelevant).

36.     In addition, the prejudicial effect of the EEOC Determination is high. The fact that it "originated from an authoritative government agency" has the potential to "confuse and mislead the jury." *See Martinelli v. Penn Millers Ins. Co.*, 269 F. App'x 226, 229 (3d Cir. 2008) (affirming district court's exclusion of EEOC determination after considering the prejudicial effect caused by juror confusion); *Berry*, 2010 U.S. Dist. LEXIS 14392, at *4 ("A jury could easily confuse the meaning of the document as suggestive of the jury's ultimate legal question."). Permitting Defendants to admit the EEOC Determination also risks prejudice because it requires the needless presentation of cumulative evidence. *Id.*; *Haas*, 2014 U.S. Dist. LEXIS 32690, at *14.

37.     The jurors will be more than capable of weighing the evidence and testimony presented, and arriving at a conclusion as to the merits of Plaintiff's claims. The EEOC

Determination does not assist them in this endeavor.  *Burlington v. News Corp., 2015 U.S. Dist. LEXIS 68792 (E.D. Pa. May 27, 2015).*

## MOTION IN LIMINE NO. 4.

## PRE-TRIAL MATTERS AND ABSENT WITNESSES

38. Any reference to the fact that Plaintiff Felton objected to interrogatories, document requests, or asserted claims of privilege during the pretrial phase of this case.

39. Any speculation or argument regarding the substance of the testimony of any witness who is absent, unavailable, or was not called by Plaintiff Felton, and any reference to the fact that Plaintiff Felton failed to call any witness available to all parties.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Felton would respectfully move in limine for an order restricting Defendants LCSD, et al and their counsel from making any mention, through testimony, voir dire, opening statement, arguments, or comments of counsel regarding any matters set forth above.  Plaintiff Felton prays that in order to remove the likelihood of inadmissible evidence and/or prejudicial evidence or statements in the presence of the jury, this Court should exclude the above categories of evidence in advance of trial.  Plaintiff Felton prays for any such other and further relief for which she may be entitled in the premises.

**RESPECTFULLY SUBMITTED**, this the 28th day of August, 2015.

       **VERNA FELTON, PLAINTIFF**

      BY: **s/ John M. Mooney, Jr.**
        **JOHN M. MOONEY, JR.**
        **HER ATTORNEY**

**JOHN M. MOONEY, JR.**
**LAW OFFICES OF JOHN M. MOONEY, JR., PLLC**
208Waterford Square, Suite 100
Madison, Mississippi 39110
Telephone:  (601) 981-9555
Facsimile:  (601) 981-7922
MBNI:  3431

**ATTORNEY FOR PLAINTIFF, VERNA FELTON**

## CERTIFICATE OF SERVICE

I, John M. Mooney, Jr., do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to:

> J. Tucker Mitchell
> tmithell@mitchellday.com
> Stephen D. Stamboulieh
> sstamboulieh@mitchellday.com
>
> Mitchell Day Law Firm, PLLC
> 618 Crescent Blvd., Suite 203
> Ridgeland, Mississippi 39157

**SO CERTIFIED,** this the 28th day of August, 2015.

  **/s/ John M. Mooney, Jr.**
    **JOHN M. MOONEY, JR.**